ABELSON | HERRON LLP
  Marc D. Halpern (State Bar No. 216426)
  Anthony J. Matera (State Bar No. 216480)
600 West Broadway, Suite 1060
San Diego, California  92101
Telephone:  (619) 618-7000
Facsimile:   (619) 618-7001
mhalpern@abelsonherron.com
amatera@abelsonherron.com

Attorneys for Plaintiff
MILLENNIUM LABORATORIES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.; DARWIN SELECT INSURANCE COMPANY;<br><br>       Defendants. | CASE NO.  '12CV2916 LAB KSC<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**Jury Trial Demanded** |

Plaintiff Millennium Laboratories, Inc. ("Millennium") for its Complaint against Defendants Allied World Assurance Company (U.S.) Inc. ("AWAC") and Darwin Select Insurance Company ("Darwin") alleges as follows:

**SUMMARY**

1.     Defendants issued insurance policies to Millennium and have acknowledged that their defense coverage obligations under those policies were triggered by three separate underlying actions filed against Millennium. The acknowledgements were issued under alleged reservation of rights, and promised that Defendants would fund Millennium's defense.  Since then, Millennium has been submitting defense invoices to Defendants for reimbursement, as promised and as required by the policies.  However, many months have passed and Defendants still have not paid a penny.  Meanwhile, Millennium's repeated inquiries with Defendants and demands for

1  payment have simply been ignored.  Thus, Millennium has been forced to file this lawsuit to
2  enforce Defendants' defense coverage obligations.

## THE PARTIES

2. Plaintiff Millennium Laboratories, Inc. is organized and existing under the laws of California, with principal offices located at 16981 Via Tazon, San Diego, California.

3. Plaintiff is informed and believes, and based thereon alleges, that AWAC is, and at all times relevant hereto was, incorporated under the laws of Delaware and is headquartered in Boston, Massachusetts.  Plaintiff also is informed and believes, and based thereon alleges, that AWAC is a commercial insurance and reinsurance company that does business throughout the United States, including in California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all pertinent times AWAC was doing business within San Diego County, California and was issuing policies covering activities within San Diego, California.

5. Plaintiff is informed and believes, and based thereon alleges, that Darwin is, and at all times relevant hereto was, incorporated under the laws of Arkansas and is headquartered in Farmington, Connecticut.  Plaintiff also is informed and believes and based thereon alleges that Darwin is a commercial insurance company that does business throughout the United States, including in California.

6. Plaintiff is informed and believes, and based thereupon alleges, that at all pertinent times Darwin was doing business within San Diego County, California and was issuing policies covering activities within San Diego, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the total amount in controversy exceeds $75,000, exclusive of costs.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

9. As part of its overall business strategy and focus on good governance, Millennium has

developed and maintained a comprehensive risk management program to protect itself against unanticipated exposures and losses. A key component of Millennium's risk strategy has been insurance. Millennium has paid significant amounts in premiums to secure coverage for the liabilities it may face as a company doing business in the healthcare industry.

### A. Darwin's Insurance Policy

10. Darwin issued to Millennium an insurance policy titled "Miscellaneous Medical Facilities Professional, Employment Practices and General Liability Insurance Policy" with policy number 0305-0307 for the time period of at least December 1, 2011, to December 1, 2012 (the "Darwin Policy"). A true and correct copy of the Darwin Policy is attached hereto as Exhibit A and is fully incorporated by reference herein.

11. Millennium has fulfilled all relevant conditions, covenants and obligations under the Darwin Policy, including payment of all premiums due.

12. The Darwin Policy requires Darwin to defend Millennium against any claim that potentially triggers coverage under the policy, "even if the allegations of the Claim are groundless, false, or fraudulent."

13. Darwin's obligation to defend and to pay defense and supplemental expenses on Millennium's behalf is in addition to, and does not impair or exhaust, the limits of liability stated in the Darwin Policy.

14. Millennium is informed and believes, and thereon alleges, that the limits of liability of the Darwin Policy have never been exhausted and, in all events, were not exhausted at the time that Millennium requested a defense for the underlying actions at issue.

15. The Darwin Policy is an enforceable contract.

### B. AWAC's Insurance Policy

16. AWAC issued to Millennium an insurance policy titled "Forcefield Healthcare Organizations Directors And Officers Liability Policy" with policy number 0307-1511 for the time period of at least December 1, 2011, to December 1, 2012 (the "AWAC Policy"). A true and correct copy of the AWAC Policy is attached hereto as Exhibit B and is fully incorporated by reference herein.

17. Under the AWAC Policy, AWAC is obligated to provide coverage, *inter alia*, for all defense costs incurred by Millennium with respect to any claim whose allegations, regardless of their merit, present any potential for coverage.

18. Millennium has fulfilled all relevant conditions, covenants and obligations under the AWAC Policy, including payment of all premiums due.

19. Millennium is informed and believes, and thereon alleges, that the limits of liability of the AWAC Policy have never been exhausted and, in all events, were not exhausted at the time that Millennium requested a defense for underlying actions at issue.

20. The AWAC Policy is an enforceable contract.

### C. The Underlying Actions And Requests For Defense Coverage

21. This case concerns AWAC's and Darwin's acknowledged defense coverage obligations for three underlying actions against Millennium, briefly described below.

#### 1. The *American Clinical Solutions* Lawsuit

22. On or about February 8, 2012, American Clinical Solutions, LLC ("ACS") filed a counterclaim against Millennium in a lawsuit captioned *Millennium Laboratories, Inc. v. American Clinical Solutions, LLC and Physician Administrative Solutions, LLC*, case no. 6:11-cv-01299, United States District Court for the Middle District of Florida (the "ACS Lawsuit").

23. Millennium, through its broker, wrote to AWAC to request acknowledgement and payment of defense coverage for the ACS Lawsuit.

24. On March 12, 2012, AWAC responded to Millennium by letter in which it acknowledged AWAC's defense obligations for the ACS Lawsuit under the AWAC Policy.

25. Millennium retained defense counsel and incurred very significant attorneys' fees and expenses in defense of the ACS Lawsuit.

26. Starting on May 25, 2012, on four separate occasions since receiving AWAC's March 12, 2012 letter, Millennium has submitted defense costs invoices from the ACS Lawsuit to AWAC for reimbursement.

27. On multiple occasions, Millennium, through counsel, followed up on Millennium's invoice submissions for the ACS Lawsuit, inquiring as to the status of payment from AWAC.

1  AWAC did not provide any substantive response to these inquiries.

2  28.  AWAC has yet to reimburse Millennium for any of the invoices Millennium has
3  submitted for the ACS Lawsuit or, for that matter, to pay any defense costs whatsoever for the
4  ACS Lawsuit.

5  29.  Millennium has settled with ACS and the ACS Lawsuit was dismissed.

6  30.  Millennium has incurred very significant unreimbursed defense costs from the ACS
7  Lawsuit, far exceeding this court's jurisdictional minimum of $75,000.

### 2.   The *Universal Oral Fluid Laboratories* Lawsuit

31.  On or about May 9, 2012, Universal Oral Fluid Laboratories, LLC ("UOFL") filed a counterclaim against Millennium in a lawsuit captioned *Millennium Laboratories, Inc. v. Universal Oral Fluid Laboratories, LLC et al.*, case no. 8:11-cv-01757, United States District Court for the Middle District of Florida (the "UOFL Lawsuit").

32.  Millennium, through its broker, wrote to Darwin to request acknowledgement and payment of defense coverage for the UOFL Lawsuit.

33.  On June 25, 2012, Darwin, through counsel, responded to Millennium by letter in which it acknowledged Darwin's duty to defend Millennium pursuant to the Darwin Policy because, *inter alia*, UOFL's counterclaim "potentially triggers coverage under Insuring Agreement B" in the Darwin Policy.[1]

34.  Millennium retained defense counsel and incurred very significant attorneys' fees and expenses in defense of the UOFL Lawsuit.

35.  Starting on July 3, 2012, on four separate occasions since receiving the June 25, 2012 letter from Darwin's counsel, Millennium has submitted invoices for its defense costs from the UOFL Lawsuit to Darwin for reimbursement.

---

[1] AWAC and Darwin are both carriers in the Allied World insurance group, and the same counsel has represented both AWAC and Darwin in connection with Millennium's coverage claims. And, in the same June 25, 2012 letter, counsel also acknowledged AWAC's defense obligations for the UOFL Lawsuit under the AWAC Policy.(AWAC has also failed to make any payments to Millennium for the UOFL Lawsuit.) However, because defense costs fall outside of policy limits in the Darwin Policy, Millennium seeks to obtain its defense coverage payments for the UOFL Lawsuit first and foremost from the Darwin Policy at this time.

36.     On multiple occasions, Millennium, through counsel, followed up on Millennium's invoice submissions for the UOFL Lawsuit, inquiring as to the status of payment from Darwin. Darwin did not provide any substantive response to these inquiries.

37.     Darwin has yet to reimburse Millennium for any of the invoices Millennium has submitted for the UOFL Lawsuit or, for that matter, to pay any defense costs whatsoever for the UOFL Lawsuit.

38.     Millennium has incurred very significant unreimbursed defense costs from the UOFL Lawsuit, substantially exceeding this court's jurisdictional minimum of $75,000.

### 3.     The *eLab Consulting Services* Lawsuit

39.     On or about May 29, 2012, eLab Consulting Services, Inc. ("eLab") filed a lawsuit against Millennium captioned *eLab Consulting Services, Inc. v. Millennium Laboratories, Inc.*, case no. 5:12-cv-02009-RRA, United States District Court for the Northern District of Alabama (the "eLab Lawsuit" and together with the ACS Lawsuit and the UOFL Lawsuit, the "Underlying Lawsuits").

40.     Millennium, through its broker, wrote to AWAC to request acknowledgement and payment of defense coverage for the eLab Lawsuit.

41.     On July 9, 2012, AWAC, through counsel, responded to Millennium by letter in which it acknowledged AWAC's defense obligations for the eLab Lawsuit pursuant to the AWAC Policy because, *inter alia*, the eLab Lawsuit "potentially triggers coverage under Insuring Agreement I.C." in the AWAC Policy.

42.     Millennium retained defense counsel and incurred very significant attorneys' fees and expenses in defense of the eLab Lawsuit.

43.     Starting on August 20, 2012, on three separate occasions since receiving the July 9, 2012 letter from AWAC's counsel, Millennium has submitted invoices for its defense costs from the eLab Lawsuit to AWAC for reimbursement.

44.     On multiple occasions, Millennium, through counsel, followed up on Millennium's invoice submissions for the eLab Lawsuit, inquiring as to the status of payment from AWAC. AWAC did not provide any substantive response to these inquiries.

COMPLAINT
6

45. AWAC has yet to reimburse Millennium for any of the invoices Millennium has submitted for the eLab Lawsuit or, for that matter, to pay any defense costs whatsoever for the eLab Lawsuit.

46. Millennium has settled with eLab and the eLab Lawsuit was dismissed.

47. Millennium has incurred very significant unreimbursed defense costs from the eLab Lawsuit, substantially exceeding this court's jurisdictional minimum of $75,000.

## FIRST CAUSE OF ACTION

**(Breach of Contract: Payment Of Defense Coverage for the ACS Lawsuit)**

**(Against AWAC)**

48. Millennium incorporates and realleges the allegations of Paragraphs 1 through 47 above, as though fully set forth herein.

49. With respect to the ACS Lawsuit, Millennium has satisfied all conditions for coverage under the AWAC Policy, and has incurred defense costs exceeding any applicable deductible or retention in the AWAC Policy.

50. AWAC has breached its defense obligations under the AWAC Policy and pursuant to its March 12, 2012 letter to Millennium, by failing to timely or fully reimburse Millennium for its defense costs from the ACS Lawsuit. In fact, Millennium has received no payment whatsoever from AWAC.

51. As a direct and proximate result of AWAC's breach of its obligations, Millennium has sustained substantial losses, including the fees and expenses charged by defense counsel that Millennium has incurred in the ACS Lawsuit, and interest thereon.

## SECOND CAUSE OF ACTION

**(Breach of Contract: Payment of Defense Coverage for the UOFL Lawsuit)**

**(Against Darwin)**

52. Millennium incorporates and realleges the allegations of Paragraphs 1 through 51 above, as though fully set forth herein.

53.     With respect to the UOFL Lawsuit, Millennium has satisfied all conditions for coverage under the Darwin Policy, and has incurred defense costs exceeding any applicable deductible or retention in the Darwin Policy.

54.     Darwin has breached its defense obligations under the Darwin Policy and pursuant to its June 25, 2012 letter to Millennium, by failing to timely or fully reimburse Millennium for its defense costs from the UOFL Lawsuit.  In fact, Millennium has received no payment whatsoever from Darwin.

55.     As a direct and proximate result of Darwin's breach of its obligations with respect to Millennium's defense in the UOFL Lawsuit, Millennium has sustained substantial losses, including the fees and expenses charged by defense counsel that Millennium has incurred in the UOFL Lawsuit, and interest thereon.

## THIRD CAUSE OF ACTION

**(Breach of Contract: Payment of Defense Coverage for the eLab Lawsuit)**

**(Against AWAC)**

56.     Millennium incorporates and realleges the allegations of Paragraphs 1 through 55 above, as though fully set forth herein.

57.     With respect to the eLab Lawsuit, Millennium has satisfied all conditions for coverage under the AWAC Policy, and has incurred defense costs exceeding any applicable deductible or retention in the AWAC Policy.

58.     AWAC has breached its defense obligations under the AWAC Policy and pursuant to its July 9, 2012 letter to Millennium, by failing to timely or fully reimburse Millennium for its defense costs from the eLab Lawsuit.  In fact, Millennium has received no payment whatsoever from AWAC.

59.     As a direct and proximate result of AWAC's breach of its obligations with respect to Millennium's defense in the eLab Lawsuit, Millennium has sustained substantial losses, including the fees and expenses charged by defense counsel that Millennium has incurred in the eLab Lawsuit.

## FOURTH CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing)**

**(Against AWAC and Darwin)**

60. Millennium incorporates and realleges the allegations of Paragraphs 1 through 59 above, as though fully set forth herein.

61. Having acknowledged its defense obligations with respect to the ACS Lawsuit and the eLab Lawsuit, AWAC acted without reasonable cause or excuse in failing to reimburse Millennium for the defense invoices it submitted.

62. Likewise, having acknowledged its defense obligations with respect to the UOFL Lawsuit, Darwin acted without reasonable cause or excuse in failing to reimburse Millennium for the defense invoices it submitted.

63. In addition, Defendants breached the covenant of good faith and fair dealing implied in their policies by essentially ignoring Millennium's repeated attempts to obtain prompt payment of the owed defense costs. Defendants chose to delay or ignore payment, without grounds or excuse, and without even so much as informing Millennium of their plans. This behavior continued until even after two of the Underlying Lawsuits had settled. Millennium has still not received a penny of defense coverage from Defendants, and has been forced to sue. In short, despite Defendants' obligations and promises to provide defense coverage, those were just hollow words, and instead Millennium was abandoned by its insurers to fend for itself in the defense of the Underlying Lawsuits. In so doing, Defendants improperly and unreasonably placed their own financial interests ahead of the interests of their policyholder and their obligations to their policyholder.

64. As a proximate result of Defendants' misconduct, Millennium has been damaged as heretofore alleged, and has incurred substantial additional costs, including but not limited to its attorneys' fees, expenses and costs incurred in seeking to mitigate and remedy Defendants' breach of their defense payment obligations with respect to the Underlying Lawsuits. The full amount of such damages will be proven at trial.

65. As alleged herein and especially as reflected by Defendants' broken acknowledgement of defense coverage and agreement to pay, Defendants' conduct with respect to Millennium was in willful and conscious disregard of Millennium's rights and was undertaken with the intent to oppress and cause injury to Millennium.  Consequently, Millennium is entitled to recover, in addition to actual damages, punitive damages both to punish Defendants for their transgressions and to deter others from engaging in similar wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Millennium prays for judgment against Defendants as follows:

**On the First Cause of Action**:

1. Ordering and declaring that, AWAC has breached its obligations to pay Millennium's defense costs in the ACS Lawsuit;

2. For a damages award of all of Millennium's defense costs for the ACS Lawsuit, and interest thereon;

3. For costs of this suit;

4. For such other and further relief as the Court deems just and proper;

**On the Second Cause of Action**:

1. Ordering and declaring that, Darwin has breached its obligations to pay Millennium's defense costs in the UOFL Lawsuit;

2. For a damages award of all of Millennium's unreimbursed defense costs for the UOFL Lawsuit, and interest thereon;

3. For costs of this suit;

4. For such other and further relief as the Court deems just and proper;

**On the Third Cause of Action**:

1. Ordering and declaring that, AWAC has breached its obligations to pay Millennium's defense costs in the eLab Lawsuit;

2. For a damages award of all of Millennium's unreimbursed defense costs for the eLab Lawsuit, and interest thereon;

3. For costs of this suit;

4. For such other and further relief as the Court deems just and proper;

**On the Fourth Cause of Action**:

1. Ordering and declaring that AWAC breached the covenant of good faith and fair dealing in the AWAC Policy, with respect to its defense coverage obligations for the ACS Lawsuit;

2. Ordering and declaring that Darwin breached the covenant of good faith and fair dealing in the Darwin Policy, with respect to its defense coverage obligations for the UOFL Lawsuit;

3. Ordering and declaring that AWAC breached the covenant of good faith and fair dealing in the AWAC Policy, with respect to its defense coverage obligations for the eLab Lawsuit;

4. For a damages award of Millennium's attorneys' fees, costs and expenses in this coverage lawsuit and any other legal fees and expenses incurred in obtaining defense payments from Defendants in the Underlying Lawsuits, plus interest, and all exemplary, punitive, consequential and/or extra-contractual damages available under California law as relief for Defendants' unreasonable conduct and failure to act in good faith;

5. For such other and further relief as the Court deems just and proper.

Dated:  December 7, 2012        ABELSON | HERRON LLP
                                Marc D. Halpern
                                Anthony J. Matera

                                By s/ Marc D. Halpern_____
                                    Marc D. Halpern
                                Attorneys for Plaintiff
                                MILLENNIUM LABORATORIES, INC.